IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:09-cv-42

| | |
|---|---|
| LAURA A. MONEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |
| | ) |
| _____ | ) |

## ORDER

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (Document #13) and "Memorandum in Support of Plaintiff's Motion for Summary Judgment" (Document #14), filed September 21, 2009; and Defendant Commissioner's "Motion for Judgment on the Pleadings" (Document #17) and "Memorandum in Support of the Commissioner's Decision" (Document #18), filed December 7, 2009.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of designation, this Court referred the aforesaid motions to United States Magistrate Judge David Cayer for recommended disposition. In an opinion filed on December 9, 2009, the Magistrate Judge recommended that Plaintiff's motion be denied, that Defendant's motion be granted, and that the Commissioner's decision be affirmed. (Document #19.) On December 18, 2009, Plaintiff filed "Plaintiff's Objection to Recommendation of United States Magistrate Judge." (Document #20.) Plaintiff's objections are deemed to be timely, and the specific objections raised by Plaintiff are considered herein.

1

After careful consideration of the written arguments, administrative record, and applicable authority, the Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Judgment on the Pleadings. Accordingly, the Commissioner's decision is **AFFIRMED.**

## FACTUAL AND PROCEDURAL BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural history of this case; thus, the Court adopts the facts as set forth in the "Memorandum and Recommendation." (Document #19, 1-4.)

## STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1) (2000); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). On its face, however, the statute does not require review of any issues that are not the subject of an objection. Camby, 718 F.2d at 200; Thomas v. Arn, 474, U.S. 140, 149 (1985). Nevertheless, a district judge is responsible for the final determination and outcome of the case. Accordingly, the Court has carefully reviewed the remainder of the Magistrate Judge's "Memorandum and Recommendation" ("M&R"), in addition to conducting a *de novo* review of the issues specifically addressed in Plaintiff's objections.

The Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3), limits the Court's review of the Commissioner's decision to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson, 402 U.S. at 401 (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Ultimately, it is not the Court's responsibility "to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if [the] decision is supported by substantial evidence." Id. (concluding that it is the duty of the administrative law judge, and not the courts, to make findings of fact and to resolve conflicts in the evidence).

## **DISCUSSION**

In response to the Magistrate Judge's recommendation, Plaintiff requests that the Court set aside the Memorandum and Recommendation and reverse or remand the Commissioner's decision denying Plaintiff's application for Social Security disability benefits. Her request is based upon three objections. Plaintiff first contends that the Magistrate Judge's Recommendation does not address the effects of Plaintiff's obesity in assessing whether the Plaintiff met listing § 1.02 (Major Joint Dysfunction), its effect on her mental condition, or its effect on her residual functional capacity. (Document #20, 1-2.) Second, Plaintiff contends that the Magistrate Judge's recommendation improperly discounts the medical evidence submitted in support of Plaintiff's claim by the Defendant's own mental health examiner. (Document #20, 2.) Finally, Plaintiff argues that the Administrative Law Judge ("ALJ") that heard Plaintiff's claim attempted to exercise medical expertise beyond the scope of her position. (Document #20, 2-3.)

**A. Plaintiff's First Objection**

Plaintiff's first objection is that the Magistrate Judge erred by not addressing the effects of Plaintiff's obesity in assessing whether the Plaintiff met Listing § 1.02 (Major Joint Dysfunction), its effect on her mental condition, or its effect on her residual functional capacity. More specifically, Plaintiff contends that it was error for the Magistrate Judge to fail to mention Plaintiff's body mass

3

index at stages three and five of the sequential evaluation. The burden is on Plaintiff to establish that her impairments meet or equal a listing. Sullivan v. Zebley, 493 U.S. 521, 110 S. Ct. 885, 891, 107 L. Ed. 2d 967 (1990). Obesity, though itself not a listed impairment, can reduce an individual's occupational base for work activity in combination with other ailments. Beck v. Barnhart, 205 Fed. App'x. 207, 211 (5th Cir. 2006) (citations omitted). Obesity should be considered in combination with other impairments in making the residual functional capacity determination and in assessing the claimant's ability to performed sustained work activities. Id. at 212.

While it is true that the Magistrate Judge did not specifically reference Plaintiff's body mass index in the recommendation, the Magistrate Judge did specifically discuss Plaintiff's actual weight. For instance, in noting the ALJ's finding that Plaintiff's obesity was a severe impairment, the Magistrate Judge cited Plaintiff's assertion that she is five (5) feet, four (4) inches tall, and that her weight has fluctuated between 264 points and over 300 pounds. The Magistrate Judge then went on to discuss the impact of Plaintiff's weight on her impairments. With regard to whether or not Plaintiff's knee impairment met or equaled listing 1.02, the Magistrate Judge observed that when Plaintiff's weight was recorded at 283 pounds, Plaintiff's gait and station remained within normal limits. Similarly, when Plaintiff's weight was at 303 pounds, Plaintiff still demonstrated a normal gait. Plaintiff's bilateral knee osteoarthritis was consistently characterized as showing moderate improvement when her weight fluctuated between 264 and 286 pounds, and during that time, Plaintiff reported improvement with pain relief and functioning with medication. Accordingly, the Magistrate Judge appropriately considered the effect of Plaintiff's obesity when he agreed with the ALJ's finding that Plaintiff did not meet or equal the criteria of Listing § 1.02.

Plaintiff relatedly asserts that the Magistrate Judge neglected to consider the effect of her obesity on her mental condition. Plaintiff argues that her obesity adversely impacted her mental

health, stating that obesity causes restriction in activities of daily living and causes her to be unable to maintain persistence or pace. Despite this contention, Plaintiff's report to psychologist Harry Padgett stated that Plaintiff watches soap operas, listens to music, moves a little for exercise, runs errands with her husband in the afternoons, shops, and visits with her son every three weeks. (M&R at 8 (citing Tr. 17, 113)). Moreover, the Magistrate Judge specifically observed that Plaintiff was able to concentrate to watch television programs and that the reviewing mental health professionals noted that Plaintiff's thought process was coherent, logical, and goal-oriented, and that her immediate and remote memory were intact and functional. (M&R at 9, 11 (citing Tr. 18, 113-14, 184, 186, 198)).

Plaintiff's contention that the Magistrate Judge failed to address the issue of whether her obesity impacted her residual functional capacity is likewise rejected. The Magistrate Judge's recommendation reveals that the Magistrate concluded that the ALJ's residual functional capacity was supported by substantial evidence "[f]or the same reasons that substantial evidence supports the ALJ's conclusion that Plaintiff's impairments did not meet Listings 1.02 or 1.04." (M&R 16.) As such, the Magistrate addressed the effect of Plaintiff's obesity on her impairments when he considered the ALJ's finding that Plaintiff's impairment did not meet or equal a listing. Clearly, then, the Magistrate appropriately considered the impact of Plaintiff's obesity on her residual functional capacity.

Accordingly, this court rejects Plaintiff's contention that the Magistrate Judge failed to consider the effect of Plaintiff's obesity on her impairments.

**B. Plaintiff's Second Objection**

Plaintiff's second objection is that the Magistrate Judge's recommendation improperly discounted the medical evidence offered by a mental health examiner, Dr. Henry Padgett.

Under the "treating physician" rule, courts typically "accord greater weight to the testimony of a treating physician because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (internal quotations omitted). "Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight." Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992) (per curiam). Rather, according to the regulations promulgated by the Commissioner, a treating physician's opinion on the nature and severity of the claimed impairment is entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. See 20 C.F.R § 416.927. Accordingly, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996).

Plaintiff argues that the ALJ and Magistrate Judge discounted the opinion of Dr. Padgett primarily because Dr. Padgett saw Plaintiff only once. The gravamen of Plaintiff's argument is that the ALJ and Magistrate Judge improperly deferred to the opinion of the treating physician Dr. Chinn, while disregarding the opinion of Dr. Padgett. This Court finds Plaintiff's contention without merit. The ALJ and Magistrate Judge rejected the opinion of Dr. Padgett because it was inconsistent with other evidence in the record, including the opinion of Plaintiff's treating physician. For instance, the Magistrate Judge specifically observed that Dr. Padgett's opinion was contradicted by

6

Plaintiff's treating psychologist Dr. Chinn, who reported improvement to Plaintiff's condition with the use of medication. Moreover, regarding Plaintiff's mental status examination, Dr. Chinn found that Plaintiff was alert, cooperative, and fully oriented, and her concentration and recent and remote memory were intact. (M&R at 16 (citing Tr. 26, 123, 184-86, 189, 198)). Dr. Padgett's testimony is also contradicted by Plaintiff's reported improvements in her psychiatric symptoms with the use of medication. (M&R at 16 (citing Tr. 26, 184, 189, 194)). Based on such evidence, the Magistrate Judge properly concluded that the ALJ appropriately declined to afford substantial weight to Dr. Padgett's opinion and afforded substantial weight to the opinion of treating physician Dr. Chinn. Therefore, Plaintiff's second objection to the recommendation of the Magistrate Judge is rejected.

**C. Plaintiff's Third Objection**

Plaintiff's third objection is that the ALJ acted outside the scope of her authority by making several medical conclusions about Plaintiff's impairment and misstating portions of Plaintiff's medical history. While an ALJ may not form an independent opinion on medical issues, an ALJ may choose to give an expert's opinion more weight than another and may properly consider applicable medical evidence. Winkler v. Apfel, 149 F.3d 1172, *1 (4th Cir. 1998)(table). For the reasons discussed below, this court rejects Plaintiff's third objection.

Plaintiff contends that the ALJ erred in giving her own interpretation of the x-ray findings when the ALJ stated that although the Plaintiff's x-ray did not show severe arthopathy, there was no indication that the Plaintiff required surgery or suffered from "severe, debilitating type pain." (Tr. 25.) Such a statement does not amount to a medical conclusion or improper interpretation of medical evidence. Rather, the statement is simply an accurate summary of the medical evidence presented, as not one of the Plaintiff's treating sources recommended surgery or other similar urgent modalities for the conditions shown on the x-ray. Therefore, the ALJ's statement cannot be deemed

7

an interpretation of the x-ray findings and was not in error.

Plaintiff also contends that the ALJ erred when she discounted the Plaintiff's complaints stemming from fibromyalgia on grounds that Plaintiff had never been prescribed Lyrica, even though Plaintiff had indeed been prescribed such medication. Though erroneous, such a statement only formed part of the ALJ's analysis of the Plaintiff's credibility. Indeed, the ALJ specifically noted that treatment with medications improved symptoms associated with Plaintiff's impairments and that Plaintiff had not reported any side effects. It was further noted by the Magistrate Judge and the ALJ that Plaintiff did not seek or receive physical therapy, injections, or other types of treatment for her pain. Both the ALJ and Magistrate Judge also pointed out that Plaintiff's sleep apnea was successfully treated with a CPAP machine and that Plaintiff's treatment records did not reflect any functional limitations and classified Plaintiff as independent in activities of daily living. Therefore, the ALJ's statement that Plaintiff had never been prescribed Lyrica, when viewed in context of the ALJ's overall analysis of Plaintiff's credibility, does not constitute error that would require reversal of the ALJ's decision.

For the foregoing reasons, the Court finds that substantial evidence supports the Commissioner's decision, and that the Commissioner applied the correct legal standard in reviewing the record.

## **CONCLUSION**

Having conducted a *de novo* review of Plaintiff's specific objections, as well as a careful review of all other aspects of the recommendation, the Court concurs with the findings of fact and conclusions of law as set forth in the Magistrate Judge's "Memorandum and Recommendation" filed December 9, 2009, and hereby incorporates those findings and conclusions to the extent that they are consistent with the findings of this Order. The Court hereby GRANTS Defendant

Commissioner's Motion for Judgment on the Pleadings and denies Plaintiff's Motion for Summary Judgment. Accordingly, the Commissioner's decision denying benefits shall be **<u>affirmed.</u>**

**IT IS THEREFORE ORDERED** that Defendant's Motion for Judgment on the Pleadings is hereby **GRANTED** and Plaintiff's Motion for Summary Judgment is hereby **DENIED.**

Signed: February 14, 2011

Richard L. Voorhees
United States District Judge